Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LUNA RESIDENTIAL III, LLC<br><br>Parte Recurrida<br>v.<br><br>RAFAEL ANTONIO FONSECA MARRERO<br><br>Parte Peticionaria | TA2026CE00476 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br>Caso núm.: D2CD2016-0373<br><br>Sobre: Ejecución de Hipoteca |
|---|---|---|

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de mayo de 2026.

El 17 de abril de 2026, el señor Rafael Antonio Fonseca Marrero (el señor Fonseca Marrero o el peticionario) presentó ante nos una *Petición de certiorari* en la que solicitó que revoquemos una *Resolución* emitida el 30 de enero de 2026, notificada el 13 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Guaynabo (TPI o foro primario).[1]

En el aludido dictamen, el foro primario declaró No Ha Lugar la *Moción para Reiterar Reclamo de Posesión del Instrumento Negociable de este Caso de Conformidad con la Ley de Transacciones Comerciales, según Enmendada* presentada por el peticionario. Igualmente, con respecto a la *Moción Solicitando Orden y Mandamiento de Ejecución de Sentencia y en Oposición a Solicitud de Retracto y/o Supuesta Controversia sobre Posesión del Pagaré Hipotecario* instada por el señor Fonseca Marrero determinó que, aún no se ha emitido un dictamen final por lo que no procede lo solicitado por el peticionario en la referida moción.

---

[1] Apéndice de la Petición de *Certiorari*, Anejo 15, págs. 94-96.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

**I.**

El caso de epígrafe tuvo su origen cuando el 14 de diciembre de 2016, FirstBank de Puerto Rico (FirstBank) instó una *Demanda* sobre ejecución de hipoteca por la vía ordinaria en la que alegó que, suscribió con el peticionario un pagaré hipotecario por la suma de $280,000.00.[2] No obstante, arguyó que, el señor Fonseca Marrero le adeuda el monto de $33,000.00. Por tanto, solicitó la ejecución de la hipoteca.

El 13 de diciembre de 2017, el peticionario radicó *una Urgente reiterando reconsideración, remedio y archivo de caso para fines estadísticos, contestación y reconvención* en la que negó, en su mayoría, las alegaciones formuladas en la *Demanda* y en la que informó que hay un pleito en el Tribunal Federal para el Distrito de Puerto Rico sobre la controversia de autos y, por tanto, solicitó la desestimación del pleito.[3] Asimismo, alegó que, las partes no participaron en un proceso de mediación. Con relación a la *Reconvención*, solicitó la suma de $150,000.00 en concepto de daños y perjuicios por la mala fe en la que ha incurrido FirstBank toda vez que, quiere ejecutar la vivienda principal del señor Fonseca Marrero.

El 24 de febrero de 2021, notificada el 10 de marzo de 2021, el TPI emitió una *Orden de referido al centro de mediación de conflictos en casos de ejecución de hipotecas* en la que ordenó a las partes a comparecer el proceso de mediación.[4]

El 25 de octubre de 2021, el señor Fonseca Marrero presentó una *Moción de desestimación y sobre retracto de crédito litigioso* en la que argumentó que, los asuntos relacionados a la mediación fueron dejados sin efecto, toda vez que, el préstamo fue vendido a

---

[2] *Íd.*, Anejo 1, págs. 1-6.
[3] *Íd.*, Anejo 2, págs. 7-15.
[4] *Íd.*, Anejo 3, págs. 16-21.

otro acreedor.[5] En esa línea, alegó que, por información y creencia, el nuevo acreedor hipotecario era Luna Residential III LLC puesto que no había sido informado sobre ello. No obstante, arguyó que, el 1 de octubre de 2021, recibió una carta en la que se le informó que, su hipoteca fue transferida a Planet Home Lending, LLC. Sostuvo que, procedía la desestimación del pleito en virtud de que el acreedor hipotecario no compareció a la vista de mediación y, por tanto, actuó de mala fe. Además, adujo que, es de aplicación el retracto de crédito litigioso o la Sección 2-306 de la *Ley de Transacciones Comerciales*, Ley Núm. 208 de 17 de agosto de 1995, según enmendada, 19 LPRA sec. 606 (Ley Núm. 17-1995). Por ende, solicitó al foro primario que aplicase la figura de crédito litigioso a la controversia.

Según el expediente, el 2 de diciembre de 2021, FirstBank instó una *Oposición a reclamación de retracto litigioso* en el que indicó que, el pagaré hipotecario podía ser vendido o cedido sin notificación alguna al deudor.[6] Además, sostuvo que, no le es de aplicación la figura de retracto de crédito litigioso debido a que la hipoteca es un instrumento negociable que puede ser traspasado de buena fe.

Surge de los anejos que, en igual fecha, Luna Residential III, LLC (la parte recurrida) radicó una *Moción en sustitución de parte demandante y en solicitud de orden y mandamiento de ejecución de sentencia* en la que la hipoteca fue transferida de FirstBank a la parte recurrida y, por ende, solicitó al TPI que ordenase la sustitución de parte.[7]

Tras diversos incidentes procesales, el 29 de abril de 2022, el foro primario emitió una *Resolución* en la que resolvió que, conforme a los estatutos y jurisprudencia aplicable, no procede la desestimación, como sanción, ante la falta de buena fe del acreedor

---

[5] *Íd.*, Anejo 4, págs. 22-28.
[6] *Íd.*, Anejo 6, págs. 30-34.
[7] *Íd.*, Anejo 7, pág. 35.

en un proceso de mediación.[8] El *foro a quo* determinó que, el retracto litigioso no es aplicable en los casos de cesión o venta de un pagaré hipotecario a tenor con la normativa resuelta en *DLJ v. SLG Santiago Ortiz*, 202 DPR 950 (2019). Empero, el TPI destacó que, no tenía constancia sobre la alegada venta hipotecaria y no podía resolver si es de aplicación la Sección 2-306 de la Ley Núm. 17-1995, *supra* sec. 606 puesto que no tenía evidencia si el pagaré fue cedido. Consecuentemente, solicitó que las partes presentaran evidencia que acreditara la transferencia.

Insatisfecho, el 17 de octubre de 2022, el peticionario acudió ante este Tribunal de Apelaciones tras presentar un recurso de *Certiorari* en el que solicitó que revocara la *Resolución* emitida el 29 de abril de 2022. Así las cosas, el 23 de mayo de 2023, un panel hermano emitió una *Resolución* en la que denegó la expedición del auto de *certiorari* solicitado. No obstante, aclaró que, no es de aplicación la figura del crédito litigioso puesto que *DLJ v. SLG Santiago Ortiz, supra,* aclaró que, en casos de venta o cesión de un instrumento negociable no es aplicable la figura de crédito litigioso.[9]

El 21 de febrero de 2025, el señor Fonseca Marrero presentó una *Moción para reiterar reclamo de posesión del instrumento negociable de este caso de conformidad con la Ley de Transacciones comerciales, según enmendada* en la que alegó que, cuestiona la existencia del pagaré original debido a que no ha podido examinar el mismo.[10] Aseveró que, el panel hermano resolvió erróneamente toda vez que, debe aplicarse la Sección 2-306 de la Ley Núm. 17-1995, *supra* sec. 606 y no la cesión de crédito litigioso. Por tanto, solicitó que el TPI autorizara el reclamo de la propiedad sobre el instrumento negociable al amparo del citado estatuto.

---

[8] *Íd.*, Anejo 12, págs. 54-66.
[9] *Íd.*, Anejo 13, págs. 67-80.
[10] *Íd.*, Anejo 14, págs. 81-93.

Así, el 30 de enero de 2026, el foro primario emitió una *Resolución* en la que declaró No Ha Lugar a la *Moción para reiterar reclamo de posesión del instrumento negociable de este caso de conformidad con la Ley de Transacciones comerciales, según enmendada* puesto que fue previamente denegada por el *foro a quo* y confirmado por un panel hermano de este Tribunal de Apelaciones.[11]

El 20 de febrero de 2026, el peticionario instó una *Moción de reconsideración* en la que reiteró su petitorio con respecto a la aplicabilidad de la Sección 2-306 de la Ley Núm. 17-1995, *supra* sec. 606 al pleito.[12] Sin embargo, añadió que, el TPI debe declarar nulo los procedimientos ante la falta de prueba de la existencia de un instrumento negociable y relevar al recurrido de los procedimientos a tenor con la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.

Así, el 9 de marzo de 2026, el TPI remitió una *Resolución* en la que declaró No Ha Lugar a la *Moción de reconsideración.*[13]

Inconforme, el 17 de abril de 2026, el señor Fonseca Marrero presentó una *Petición de Certiorari* en la que formuló los siguientes errores:

> Primer error: Erró y abusó de su discreción el foro de instancia al concluir que el reclamo de posesión del instrumento negociable de la parte recurrente ya fue resuelto de forma definitiva por dicho foro judicial y por este Honorable Tribunal.

> Segundo error: Erró y abusó de su discreción el foro apelativo al concluir que el reclamo de posesión del instrumento negociable ya fue resuelto por dicho foro judicial y por este Honorable Tribunal, cuando ambos foros judiciales no discutieron la Sección 2-306 de la Ley de Transacciones Comerciales según enmendada, supra, y los casos citados por la parte recurrente en cuanto a dicha sección para sustentar el reclamo aludido de la parte recurrente.

En cumplimiento con nuestra *Resolución*, el 29 de abril de 2026, la parte recurrida radicó una *Oposición a certiorari.*

---

[11] *Íd.*, Anejo 15, págs. 94-96.
[12] *Íd.*, Anejo 16, págs. 97-109.
[13] *Íd.*, Anejo 17, págs. 110-114.

Con el beneficio de la comparecencia de las partes, atenderemos el recuso ante nos.

**II.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004-1005 (2021); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). Véase, además, *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc, supra; Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Cónsono con lo anterior, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone en lo pertinente lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso. En aras de ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, Regla ___ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, 216 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). Véase, *Rivera et al. v. Arcos Dorados et al., supra*; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el

curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty, supra,* pág. 97. Ahora bien, este Tribunal de Apelaciones puede expedir el auto de certiorari cuando "se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos que revistan interés público o cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Rivera et al. v. Arcos Dorados et al., supra,* pág. 195.

### III.

En el caso de autos, la peticionaria alegó que, el TPI y un panel hermano de este Tribunal de Apelaciones erró en resolver que la posesión del instrumento negociable fue resuelta. A vez, adujo que, ambos foros judiciales no discutieron la Sección 2-306 de la Ley Núm. 17-1995, *supra* sec. 606.

Tras un análisis de la totalidad del expediente y en correcta práctica apelativa resolvemos que no procede la expedición del auto de *certiorari* solicitado. Ello, en virtud de que no se configuraron los requisitos que establece la Regla 40 de nuestro Reglamento, *supra,* y la Regla 52.1 de Procedimiento Civil, que nos facultan expedir el auto de *certiorari.*

### IV.

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari* solicitado.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones